IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JEREMY MORGAN**                                                                                       **PETITIONER**
**#31201-009**

V.                              No. 4:25-cv-00411-LPR-ERE

**WARDEN – FCI Forrest City**                                                              **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge Lee P. Rudofsky. You may file objections to all or part of the RD. Objections must: (1) specifically explain the factual or legal basis for the objection; and (2) be filed within fourteen days of the date of the RD. If you do not object, you risk waiving the right to appeal questions of fact.

### I.    Introduction

Petitioner Jeremy Morgan, a Bureau of Prisons ("BOP") inmate housed at the Pulaski County Detention Center, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 related to "unlawful disciplinary sanctions and denial of due process while in BOP custody . . . ." *Doc. 1 at 4*. For reasons that follow, the petition should be dismissed without prejudice for failure to exhaust administrative remedies.

### II.   Background

On August 8, 2017, Mr. Morgan pleaded guilty in the United States Court for

the Eastern District of Arkansas to possession of a stolen firearm. *Doc. 7-2*. On January 8, 2018, he was sentenced to 115 months in the BOP, followed by three years of supervised release. *Id*.

On April 28, 2025, Mr. Morgan filed the pending § 2241 petition, asserting claims regarding notice, due process, and delay in connection with disciplinaries he received for two alleged escapes from custody.[1]

On June 11, 2025, Respondent filed a response, asserting that Mr. Morgan's petition should be dismissed for failure to exhaust administrative remedies or, alternatively, his disciplinary should be upheld because he received all the due process to which he is entitled. *Doc. 8 at 7*.

Mr. Morgan has filed a reply and addendum. *Docs. 9, 10*.

## III.  Discussion

A federal inmate must normally exhaust his administrative remedies before seeking habeas relief under § 2241. *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974). Although this judicially created exhaustion requirement is not mandated by statute, it is designed to serve several purposes including:

> (1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute;

---

[1] On July 16, 2024, Mr. Morgan was transferred to the supervision of Dallas Residential Reentry Management ("RRM"). *Doc. 7-1*. While at Dallas RRM, he allegedly escaped twice, resulting in the disciplinary he is challenging in the pending habeas petition and new federal charges in *United States v. Morgan*, No. 4:25-CR-00067-DPM (E.D. Ark.).

(3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level.

*Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976) (citing *McKart v. United States*, 395 U.S. 185, 194-195 (1969)).

Respondent presents undisputed evidence that Mr. Morgan has submitted only one grievance seeking an administrative remedy during his incarceration, and it was unrelated to the issues raised in his pending petition. *Doc. 7-4*.

Mr. Morgan acknowledges that he did not exhaust (or even initiate) his administrative remedies before filing his § 2241 petition. *Doc. 1-1 at 2*. However, he asks the Court to excuse this failure "due to inaccessibility and futility." *Doc. 9*.

The Eighth Circuit has recognized that courts may craft exceptions to judicially created exhaustion requirements "where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the . . . administrative agency below." *Frango v. Gonzales*, 437 F.3d 726, 728–29 (8th Cir. 2006) (quoting *Hormel v. Helvering,* 312 U.S. 552, 557 (1941)). The exhaustion requirement may be excused, for example, where a party shows that pursuing an administrative remedy would be futile. *Id*. (citing *City Bank Farmers' Trust Co. v. Schnader,* 291 U.S. 24, 34 (1934)). However, Mr. Morgan fails to make that showing, and he offers no cogent reason why he should be exempt from exhausting the BOP's administrative remedy process.

Because of his alleged escape and current housing assignment,[2] some of Mr. Morgan's contested disciplinaries do not even appear to be final.[3] Whether Mr. Morgan has been deprived of any rights during the disciplinary process depends on facts that are best developed in the completed administrative process.

Mr. Morgan must present his claim to the BOP, and follow each step of the administrative exhaustion process, *before* seeking relief in federal court. If, after properly exhausting his administrative remedies, Mr. Morgan disputes the BOP's final decision, he may return to federal court and seek relief under § 2241.[4]

## IV. Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner Jeremy Morgan's petition for writ of habeas corpus (*Doc. 1*) be DENIED, and the case DISMISSED WITHOUT PREJUDICE.

Dated 14 August 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Although Mr. Morgan remains in federal custody on his 2018 conviction, he is being temporarily housed at the Pulaski County Detention Center while his 2025 charges are resolved. See *Doc. 7-1 at 2-3*.

[3] See *Docs. 7-5 at 4-6*.

[4] Respondent's alternative argument for dismissal addressing the merits of Mr. Morgan's petition need not be addressed since dismissal is warranted for failure to exhaust.